**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**JOHN D. BRENTLINGER, II,**                   CASE NO. 3:25 CV 2657

      Plaintiff,

      v.                                           JUDGE JAMES R. KNEPP II

**SAMUEL A. CRISH, et al.,**

      Defendants.                              **MEMORANDUM OPINION AND**
                                             **ORDER**

### INTRODUCTION

Currently pending in this civil rights case brought pursuant to 42 U.S.C. § 1983 are Defendants' Motions to Dismiss. (Docs. 7, 8). *Pro se* Plaintiff John D. Brentlinger, II opposes (Doc. 11), and Defendants reply (Docs. 12, 13). Jurisdiction is proper under 28 U.S.C. § 1331. For the reasons below, the Court finds Plaintiff's federal claims based on alleged fabricated evidence barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and subject to dismissal, finds Plaintiff's Fourth Amendment claim based on a search warrant barred by the statute of limitations, and declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

### BACKGROUND

On December 8, 2025, Plaintiff filed this suit against Samuel A. Crish (former Sheriff of Allen County, Ohio), Mark A. Baker (a Detective/Sergeant at the Allen County Sheriff's Department), Juergen Waldick (Allen County lead prosecutor) and Anthony Miller (Allen County Assistant Prosecutor). (Doc. 1, at 2-3).

Plaintiff brings constitutional and state law claims related to a criminal case brought against him in 2015. *See* Doc. 1; *see State v. Brentlinger*, No. CR-2015-0274 (Allen Cnty. Ct. C.P.); *State v. Brentlinger*, 90 N.E.3d 200 (Ohio Ct. App. 2017).

The Complaint asserts an informant (Joseph R Croft) conspired with Defendant Baker to "manufactur[e] invalid police reports." (Doc. 1, at 5). He contends these "baseless, unfounded reports . . . include unproven threats against Croft's mother, unproven threats against Croft himself, alleged theft of items from Croft, never proven or prosecuted." *Id.* He claims Croft instigated things by claiming he was "looking for a stolen Boss Snowplow" in January 2015. *Id.*

The Complaint asserts a February 2015 grand jury initially issued a "NO BILL" on theft, assault, and other charges. *Id.* It further asserts that no physical evidence was retrieved until 86 days after "the alleged incident." *Id.*

The Complaint further states Baker, through an "invalid application for warrant" and "invalid warrant" retrieved "H&K gun parts" from a mailed package, which were "wrongfully admitted into evidence." *Id.* at 5-6; *see also id.* at 6-7 (asserting challenges to the legality of the search warrant). It asserts the gun parts recovered from the package "did not meet the requirements of O.R.C. 2923.11(B)(1) standards, as an inoperable weapon that can be readily rendered operable" because no barrel or slide receiver pin was recovered. *Id.* at 7. He thus asserts "[i]t would be impossible to make this weapon do anything prior to Baker[']s manufactured parts." *Id.* The Complaint further challenges the chain of custody for the weapon parts from the Nashville Postal Service to Baker which involved "the U.S. Mail service". *Id.*

The Complaint asserts that, 33 days after Baker obtained the USPS package, Baker "claim[ed] he found a single . . . spent shell casing at the alleged crime scene . . . 86 . . . days prior, of a different caliber than the .40 caliber weapon parts in his possession." *Id.* at 8. The

Complaint then asserts Baker "began to manufacture evidence" by test firing .357 rounds through an "H&K USP Compact .40 cal. weapon." *Id.* at 8. He contends Baker's actions "destroys the integrity of the ENTIRE proceedings." *Id.* Plaintiff alleges Baker "manufactured casings" and implies that he planted shell casings or lied about what he found. *Id.* at 8-10. He alleges Baker's actions were then used to obtain an indictment against him in July 2015, before Officers recovered the .357 SIG barrel they alleged was used during the charged conduct. *Id.* at 10.

Plaintiff also alleges Baker released copies of his jail phone calls "to virtually anyone that asked, prior to, during and after trial." *Id.* at 11. He alleges Crish and Baker defied the trial judge's order for separation of witnesses at trial and allowed Croft to watch a live CCTV feed. *Id.* at 11-12. Plaintiff references and attaches sworn statements from former Sheriff Dan Beck and retired Glandorf Chief of Police Joseph Siler that he asserts demonstrate Baker and Crish's animus against him. *Id.* at 11; *see also* Doc. 1-11.

In the underlying criminal case, Plaintiff was indicted on charges of theft, felonious assault, kidnapping (two counts), aggravated robbery, tampering with evidence, and extortion. *See Brentlinger*, 90 N.E.3d at 204. He was acquitted of theft, and found guilty on all other charges. *Id.* at 208. Broadly, the convictions were based on a confrontation between Croft and Plaintiff in a rest area during which Plaintiff fired a gun. *See id.* at 204-05. Plaintiff's convictions were upheld on direct appeal. *See id.* The Ohio Supreme Court declined to hear Plaintiff's appeal. *State v. Brentlinger*, 90 N.E.3d 947 (Ohio 2018) (table).

Plaintiff also filed a petition for a writ of habeas corpus, which another Judge of this Court denied. *See Brentlinger v. Marquis*, 2020 WL 4031151 (N.D. Ohio), *report and*

3

*recommendation adopted*, 2020 WL 4016103. The Sixth Circuit Court of Appeals denied a certificate of appealability. *Brentlinger v. Sheldon*, 2020 WL 8415221 (6th Cir.).

Plaintiff also filed a "Motion to Vacate Judgment Based on FRAUD upon the Court" in his criminal case; it was denied. *See* Doc. 1-12, at 2; *State v. Brentlinger*, No. CR-2015-0274 (Allen Cnty. Ct. C.P.) (docket entries dated October 9 and 10, 2025). Plaintiff further filed a post-conviction petition with the state court on March 9, 2026, which it appears the trial court denied on March 27, 2026 and the appeal thereof was dismissed in May. *State v. Brentlinger*, No. CR-2015-0274 (Allen Cnty. Ct. C.P.) (docket).[1]

In the instant case, Petitioner brings nine somewhat overlapping claims for relief. In his first claim for relief, Plaintiff alleges his Fourth Amendment rights were violated by the illegal search and seizure of USPS parcels containing gun parts and that his Due Process rights were violated based on an indictment based on perjured testimony. (Doc. 1, at 13). As to the Fourth Amendment illegal search and seizure claim, Plaintiff asserts the package was seized:

> Thru [sic] invalid means, to wit: an invalid application for warrant and invalid warrant due to:
>
> **1.)** Improper address, not affiliated with me in any way,
> **2.)** Lack of specificity describing the contents of packages &
> **3.)** Improper reference to U.S. Code 18-USC-1715 – prohibition on mailing firearms.

(Doc. 1, at 5-6). Plaintiff attaches the application for a search warrant and search and seizure warrant signed by a Magistrate Judge in the Middle District of Tennessee for two USPS

---

1. "[A] court ruling on a motion to dismiss '*may* consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice.'" *Bailey v. City of Ann Arbor*, 860 F.3d 382, 386 (6th Cir. 2017) (quoting *New Eng. Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003)); *Lyons v. Stovall*, 188 F.3d 327 (6th Cir. 1999) ("[F]ederal courts may take judicial notice of proceedings in other courts of record.") (quoting *Granader v. Pub. Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969)); *see also Plassman v. City of Wauseon*, 1996 WL 254662, at *3 (6th Cir.) (stating that, in considering a Rule 12(b)(6) motion to dismiss, "any federal court may take judicial notice of the proceedings in other courts of record").

packages. *See* Doc. 1-9.[2]

In his second claim for relief, Plaintiff asserts his Fourteenth Amendment rights were violated because the indictment was based on manufactured evidence and perjured testimony. *Id.* at 15-16. In his third claims for relief, Plaintiff alleges that "Baker, under the supervision of Sheriff Crish, in collusion with Prosecutors Waldick & Miller . . . used fabricated evidence . . . to obtain a 'Secret Grand Jury Indictment' which deprived [Plaintiff] of a fair trial." *Id.* at 16. In his fourth claim for relief, Plaintiff alleges malicious prosecution in violation of his Fourth and Fourteenth Amendment rights. *Id.* at 18. In his fifth claim for relief, Plaintiff alleges a violation of his Fourth and Fourteenth Amendment rights based on his "wrongful detention, before, during trial and post-trial." *Id.* In his sixth claim for relief, Plaintiff alleges Defendants violated his rights "thru [sic] malicious prosecution by initiating a criminal prosecution against the Plaintiff by manufacturing evidence, presenting to a grand jury, obtaining an indictment and pursuing prosecution of Plaintiff" when they "lacked probable cause resulting from illegal search and seizure of weapon parts used to manufacture evidence." *Id.* In his seventh claim for relief, Plaintiff alleges Baker violated Ohio Revised Code § 2921.03(A) and (C) by "using materially false or fraudulent writings to attempt to influence public servants" and by manufacturing "invalid police reports." *Id.* at 19. In his eighth claim for relief, Plaintiff alleges civil liability for criminal acts under Ohio Revised Code § 2307.60(A)(1) based on alleged false arrest and detention. *Id.* Finally, in his ninth claim for relief, Plaintiff alleges all four defendants violated his due process rights to equal protection "by seizing (2) vehicles and weapon parts illegally thru

---

2. The application for search warrant attached to Plaintiff's Complaint does not include the referenced attached affidavit in support. *See* Doc. 1-9, at 1.

[sic] this prosecution" and that sworn affidavits[3] "established intent to harm Plaintiff under ORC 2921.13(A)." *Id.* at 20. Throughout his Complaint, Plaintiff also references a conspiracy under 42 U.S.C. § 1985(2). *See id.* at 16-20. Plaintiff seeks damages as well as declaratory judgment under Ohio Revised Code § 2721 and an injunction under Ohio Revised Code § 2727.03 "to cease and desist any further action against Brentlinger." *Id.*

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a party may move for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Although a complaint need not contain "detailed factual allegations," it must contain more than just "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Therefore, to survive a 12(b)(6) motion, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

*Pro se* pleadings are held to less stringent standard than pleadings written and drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). But the "lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). The liberal construction accorded to *pro se* litigants does not "abrogate basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court need not "conjure up unpleaded facts" or create claims for *pro se* plaintiffs. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (quoting *Kamppi v. Ghee*, 2000 WL 303018, at *1 (6th Cir.); *Bassett v. Nat'l Coll.*

---

3. Plaintiff references the earlier-described affidavits of former Sheriff Dan Beck and retired Glandorf Chief of Police Joseph Siler that he attaches to his Complaint.

6

*Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Instead, a *pro se* plaintiff's pleadings must offer fair notice to the defendants of what plaintiff's claims are and the grounds they are asserted under. *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996). The complaint still must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011) (quoting *Iqbal*, 556 at 678).

### DISCUSSION

Defendants provide various arguments for dismissal, including that Plaintiff's claims are barred by the statute of limitations, various forms of immunity, and the *Heck v. Humphrey* doctrine. *See* Docs. 7, 8. Because the Court finds judgment on most of Plaintiff's federal claims would necessarily imply the invalidity of his convictions, and those convictions have not been overturned or called into question, *Heck* bars such claims. It further finds Plaintiff's Fourth Amendment illegal search and seizure claim based on a 2015 search warrant is time-barred and declines to exercise supplemental jurisdiction over the remaining state law claims in Plaintiff's Complaint.

Federal Claims

All Defendants move to dismiss Plaintiff's federal constitutional clams on the basis of *Heck*. *See* Doc. 7, at 6-7; Doc. 8, at 8-12. Plaintiff does not expressly respond to Defendants' argument in this regard, but as part of his response to Defendants' statute of limitations argument contends:

> [Under] *McDonough v. Smith*, [588 U.S. 109, 118-19 (2019),] fabricated-evidence claims do NOT accrue until the criminal case ends in the defendant['s] favor. If the conviction was overturned, vacated, or dismissed, then the accrual starts then, not in 2015-2016. [Under] Heck v. Humphrey, you cannot bring a 42 U.S.C. § 1983 claim that implies invalidity of a conviction unless it is overturned. The

7

> Claim could not legally accrue earlier because it would have been barred by Heck, and under McDonough, accrual begins only after favorable termination.

(Doc. 11, at 2).

"The *Heck* doctrine addresses a common situation." *Chaney-Snell v. Young*, 98 F.4th 699, 707 (6th Cir. 2024). Convicted defendants often sue under § 1983, claiming "that public officials violated the Constitution while investigating or prosecuting" them. *Id.* When a § 1983 litigant seeks "a purely prospective remedy," *Heck* poses no barrier to the lawsuit. *Olivier v. City of Brandon*, 607 U.S. 552, 556 (2026). But *Heck* prevents "the use of § 1983 to challenge the validity of a prior conviction or sentence so as to obtain release from custody or monetary damages." *Id.* So when a litigant seeking such a remedy brings a lawsuit that "would necessarily imply the invalidity of" the underlying conviction, *Heck* bars the lawsuit unless the plaintiff "can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. That is, the plaintiff must show "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* Indeed, Plaintiff's own opposition brief recognizes this rule. *See* Doc. 11, at 2 ("[Under] Heck v. Humphrey, you cannot bring a 42 U.S.C. § 1983 claim that implies invalidity of a conviction unless it is overturned.")

Plaintiff here presents claims under 42 U.S.C. § 1983. *See* Doc. 1, at 13-18. He alleges his indictment and prosecution were based on fabricated evidence and perjured testimony (by Baker), his arrest was not supported by probable cause, he was wrongfully detained before and after trial, and he was maliciously prosecuted. *See id.* He asserts claims of conspiracy based on the same allegations under 42 U.S.C. § 1985(2). *See id.* at 16-20. All of these claims are centered on the firearm parts and Baker's reports about and testing of the same. *See, e.g.*, Doc. 1, at 13

("Brentlinger's 4th Amendment Rights were [v]iolated by the illegal search and seizure of . . . USPS[] parcels containing gun parts – not a complete, functional firearm, able to be rendered operable without additional parts.") (footnote omitted); *id.* at 15 ("The presentation of manufactured / altered evidence was a fundamental defect that **rendered the indictment constitutionally defective.**"); *id.* at 15-16 ("Indictment and prosecution for the use of a firearm, specifically identifying fabricated firearm serial number on the .40 caliber receiver and a different H&K factory serial number on the .357 SIG barrel are inconsistent with the original evidence Baker unlawfully retrieved from Nashville Tennessee Postal service, thus compromising the integrity of the entire process."); *id.* at 16 ("Baker, under the supervision of Sheriff Crish, in collusion with Prosecutors Waldick & Miller, . . . used fabricated evidence."); *id.* at 18 ("Defendants did violate Brentlinger's rights thru [sic] malicious prosecution by initiating a criminal prosecution against the Plaintiff by manufacturing evidence, presenting to a grand jury, obtaining an indictment and pursuing prosecution of Plaintiff.").

In the underlying criminal case, Plaintiff was convicted of, *inter alia*, felonious assault, kidnapping and aggravated robbery. As noted above, these convictions were based on a confrontation between Croft and Plaintiff in a rest area and Plaintiff firing a gun during that confrontation. *Brentlinger*, 90 N.E.3d at 204-05. Success on any of Plaintiff's asserted constitutional claims involving allegedly fabricated evidence of the firearm, probable cause for his arrest or detention, malicious prosecution, or conspiracy would imply the invalidity of Plaintiff's convictions. *See Albert v. Schwartz*, 173 F. App'x 106, 108 (3d Cir. 2006) (per curiam) (concluding *Heck* barred plaintiff's claim that defendants knew of and failed to report false information that was submitted as evidence to support the plaintiff's conviction); *Shaw v. Harris*, 116 F. App'x 499, 500 (5th Cir. 2004) (per curiam) (holding the plaintiff's claims that

the defendants conspired to violate her right to due process by concealing or tampering with evidence, prosecuting her based on false evidence and perjury, and submitting false evidence at her state habeas proceeding would imply the invalidity of her conviction and were therefore barred by *Heck*); *Lanier v. Bryant*, 332 F.3d 999, 1005-06 (6th Cir. 2003) (holding district court did not abuse its discretion in finding *Heck* bars conspiracy claims under 42 U.S.C. § 1985 when the relief sought attacks the lawfulness of a criminal conviction that has not been set aside); *Abella v. Rubino*, 63 F.3d 1063, 1064-65 (11th Cir. 1995) (holding plaintiff's claim that defendants "knowingly and willfully conspired to convict him falsely by fabricating testimony and other evidence against him" was barred by *Heck*); *Perez v. Sifel*, 57 F.3d 503, 505 (7th Cir. 1995) (holding claims that defendants procured conviction by committing perjury and falsifying evidence were barred by *Heck*); *Holland v. Cnty. of Macomb*, 2017 WL 3391653, at *2 (6th Cir.) ("The district court properly dismissed Holland's substantive due-process, conspiracy, and malicious-prosecution claims as barred by *Heck*. . . . If Holland were to prevail on his due-process, conspiracy, or malicious-prosecution claims, his conviction would be called into question.") (citation omitted); *Spuck v. Clearfield Cnty.*, 2013 WL 4735057, at *1 (3d Cir.) (finding allegations of planting false evidence, destroying evidence, and refusing to turn over evidence *Heck*-barred); *Fulton v. Bartik*, 547 F. Supp. 3d 799, 815 (N.D. Ill. 2021) ("Here, a judgment for plaintiffs on the unlawful pretrial detention claim would have undermined the validity of their convictions because both their pretrial detention and convictions were based on the same allegedly fabricated evidence.")

Plaintiff has not "demonstrate[d] that the conviction or sentence has already been invalidated," that is that it "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

10

question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487. Plaintiff's argument to the contrary (to the extent he presents one), is unavailing. He contends that under *McDonough v. Smith*, "fabricated-evidence claims do NOT accrue until the criminal case ends in the defendant['s] favor. . . . The Claim could not legally accrue earlier because it would have been barred by Heck, and under McDonough, accrual begins only after favorable termination." (Doc. 11, at 2). But Plaintiff points to no such "favorable termination" of the convictions his fabricated evidence and related claims implicate. Plaintiff's argument misunderstands the role favorable termination plays. Favorable termination is a prerequisite to bringing this claim, regardless of any statute of limitations implications.

Therefore, Plaintiff's federal constitutional claims based on fabricated evidence must be dismissed, without prejudice. *Chaney-Snell*, 98 F.4th at 710 ("When *Heck* bars a § 1983 claim against an officer, the court should dismiss the claim *without prejudice* so that the § 1983 plaintiff may refile the suit if a court later invalidates the prior conviction."); *see also Callihan v. Schneider,* 178 F.3d 800, 804 (6th Cir. 1999) (same).[4]

---

4. The Court recognizes that Defendants offer other arguments for dismissal of the federal claims, including arguments that other claims should be dismissed with prejudice on the basis of inadequate pleading, the statute of limitations, or various immunity doctrines. *See* Docs. 7, 8. But "even where defendants raise alternative grounds for dismissal, courts routinely decline to reach them when *Heck* squarely bars the claim." *Murray v. Jones*, 2025 WL 1507011, at *7 (E.D. Ky.) (collecting cases); *see also Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 613 (6th Cir. 2014) (declining to reach statute of limitations where *Heck* applied); *McDonough*, 588 U.S. at 119-23 & n.9 (noting that *Heck* prevents claim accrual and declining to reach timeliness arguments); *Michaels v. City of Vermillion*, 539 F. Supp. 2d 975, 994 (N.D. Ohio 2008) (declining to address officer's qualified immunity arguments because the excessive force claim was barred by *Heck*). The Court finds the same approach appropriate here.

11

<u>Fourth Amendment Illegal Search and Seizure Claim</u>

Plaintiff further challenges the constitutional validity of the USPS package warrant. Defendants contend such a claim is time-barred. *See* Doc. 7, at 8-9; Doc. 8, at 7-8. Plaintiff's opposition brief does not respond to this argument. *See* Doc. 11.

*Heck* explains that a claim for damages attributable to an unreasonable search may not be barred "even if the challenged search produced evidence that was introduced in [the] state criminal trial" because success on such a claim would not necessarily imply that the plaintiff's conviction was unlawful. *Heck*, 512 U.S. at 487 n.7.; *see also Harper v. Jackson*, 293 F. App'x 389, 392 (6th Cir. 2008) (holding *Heck* bars unreasonable search claims "where the contested search produced the *only* evidence supporting the conviction and no legal doctrine could save the evidence from exclusion"). The convictions here were supported by additional evidence and thus, Plaintiff's search and seizure claim is not barred by *Heck*.

The statute of limitations for § 1983 claims is the relevant state's statute of limitations for personal-injury torts. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Ohio, "a two-year statute of limitations applies to § 1983 claims." *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007). "The 'statute of limitations for filing an action alleging an unconstitutional search and seizure begins to run at the time of the injury—when the plaintiff knows or has reason to know about the occurrence of the unconstitutional search.'" *Codrington v. Dolak*, 142 F.4th 884, 890 (6th Cir. 2025) (quoting *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 394 (6th Cir. 1999)).

A statute of limitations defense may be appropriately considered on a motion to dismiss. *See Wershe v. City of Detroit*, 112 F.4th 357, 364 (6th Cir. 2024) ("[D]ismissal of the plaintiff's claim is appropriate when 'the allegations in the complaint affirmatively show that the claim is time-barred.'") (quoting *Baltrusaitis v. Int'l Union, United Autoworkers*, 86 F.4th 1168, 1178

(6th Cir. 2023)). Simply stated, "plaintiffs can plead themselves out of court on statute-of-limitations grounds if the complaint alleges facts showing that they did not sue in time." *Reguli v. Russ*, 109 F.4th 874, 879 (6th Cir. 2024).

According to the Complaint, the challenged package seizure occurred in 2015. *See* Doc. 1, at 5, 13; Doc. 1-9. The docket of the Lucas County Common Pleas Court reflects that on October 15, 2015, Plaintiff filed a "Motion to Suppress Search of Package" and on November 2, 2015, a "Motion in Limine re: Partial Handgun." *See State v. Brentlinge*r, No. CR-2015-0274 (Allen Cnty. Ct. C.P.) (docket). Thus, Plaintiff was clearly aware of the search in 2015. *See Bingham v. Ohio*, 2021 WL 857093, at *4 (N.D. Ohio) ("Bingham knew or had reason to know his rights had been violated perhaps as early as September 6, 2016, when he filed his first motion to suppress in the trial court, but no later than October 13, 2017, when he moved to suppress evidence obtained during the search because the search warrant contained materially false or misleading statements."); *see also Pethtel v. Washington Cnty. Sheriff's Off.*, 2007 WL 2359765, at *9 (S.D. Ohio) (holding that plaintiff's motion to suppress evidence found during allegedly illegal search "forecloses any finding that he did not know of his injury" until later). Moreover, Plaintiff's trial in this case occurred in 2016. *See* Doc. 2, at 10 (identifying trial as taking place in March 2016); s*ee also State v. Brentlinger*, No. CR-2015-0274 (Allen Cnty. Ct. C.P.) (docket).

This case was not filed until December 8, 2025. *See* Doc. 1. In his opposition brief, Plaintiff argues his claims based on fabrication of evidence did not accrue until later due to fraudulent concealment and the discovery rule. But Plaintiff's original argument that the package search violated the constitution is based on a challenge to the address to which the package was sent, the specificity of the warrant, and an allegedly improper statutory reference. *See* Doc. 1, at 506. He does not present any argument that did not "know[] or ha[ve] reason to know about the

13

occurrence of the unconstitutional search" of the USPS packages earlier. *Codrington*, 142 F.4th at 890 (quoting *Shamaeizadeh*, 182 F.3d at 394). Plaintiff's Fourth Amendment claim based on an alleged illegal search and seizure of the USPS packages is thus time-barred and will be dismissed with prejudice.

State Law Claims

Plaintiff's Complaint also brings state law claims. In his seventh, eighth, and ninth claims for relief, Plaintiff cites several provisions of the Ohio Revised Code: § 2921.03(A)&(C), § 2307.60(A)(1), and § 2921.13(A). (Doc. 1, at 19-20). He further seeks declaratory relief and an injunction under Ohio Revised Code §§ 2721 and 2727.03, respectively. *Id.* at 20.

Plaintiff asserts, as the basis of jurisdiction over these claims, supplemental jurisdiction under 28 U.S.C. § 1367. (Doc. 1, at 2). District courts have discretion to refuse to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996). Given the early stages of this case, Court finds the balance of considerations weighs against the exercise of supplemental jurisdiction over Plaintiff's state law claims. The claims are therefore dismissed without prejudice. *Bullock v. City of Covington*, 698 F. App'x 305, 307 (6th Cir. 2017) ("Normally, when a court declines to exercise supplemental jurisdiction, the court dismisses the [state] claims without prejudice.") (citations omitted).

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

14

ORDERED that Defendants' Motions to Dismiss (Docs. 7, 8) are granted on the basis that Plaintiff's federal constitutional claims are barred by the doctrine of *Heck v. Humphrey* and therefore such claims be, and the same hereby are, DISMISSED WITHOUT PREJUDICE, and Plaintiff's Fourth Amendment illegal search and seizure claim based on the search warrant be, and the same hereby is DISMISSED WITH PREJUDICE as time-barred; and it is

FURTHER ORDERED that the Court hereby DECLINES to exercise supplemental jurisdiction over Plaintiff's state law claims and those claims, be and the same hereby are DISMISSED WITHOUT PREJUDICE.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: July 15, 2026